IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                PLAINTIFF/RESPONDENT

V.                       NO. 09-CR-50119

MARIO JUAREZ-REYES                         DEFENDANT/MOVANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On March 2, 2012, the Defendant/Movant Mario Juarez-Reyes (hereinafter "the Defendant") filed a 28 U.S.C. § 2255 motion. (Doc. 37). The Government filed a Response and the Defendant has filed a Reply thereto (Docs. 43, 43). For the reasons set out below, the undersigned finds and recommends that Defendant's § 2255 motion be DENIED.

### PROCEDURAL BACKGROUND

On February 2, 2010, Defendant pleaded guilty to illegally re-entering the United States after having been deported, in violation of 8 U.S.C. § 1326(a). (Doc. 15). On April 9, 2010, Defendant was sentenced to forty-six (46) months imprisonment; a term of three (3) years of supervised release; a $100 assessment, and a fine of $3,000. (Doc. 19). Defendant appealed, arguing his sentence was substantively unreasonable, as it was based upon an overstatement of his criminal history. The Eighth Circuit Court of Appeals rejected Defendant's argument and affirmed his sentence. United States v. Juarez-Reyes, 416 Fed. Appx. 591 (8th Cir. 2011).

-1-

**DISCUSSION**

**Ground One**

In his first ground for relief under § 2255, Defendant appears to argue that his counsel was ineffective in failing to object at sentencing to a 16-level enhancement he received in his offense level, as well as two criminal history points assessed against him, based upon a 2003 conviction. Defendant argues that the conviction should not have been considered at sentencing because "imposition of sentence was suspended ... on condition that the [Defendant] remain[] on good behavior." (Doc. 38 at pg. 8.)

To prevail on his ineffective assistance claim, Defendant must demonstrate that his counsel's performance was deficient, in that it fell below an objective standard of reasonableness. Defendant must also demonstrate that counsel's deficiency prejudiced him, which means that, but for counsel's errors, a reasonable probability exists that the result of the sentencing would have been different. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Deltoro-Aguilera v. United States, 625 F.3d 434, 437 (8th Cir. 2010). An evidentiary hearing is not warranted, if "the motion, files, and records of the case conclusively show the defendant is not entitled to relief." Garcia v. United States, 679 F.3d 1013, 1014 (8th Cir. 2012).

The Presentence Investigation Report (hereinafter the "PSIR") assessed Defendant two criminal history points for a 2003 state-court conviction of being a felon in possession of a firearm, aggravated assault, and terroristic threatening. (PSIR ¶ 32.)  Contrary to Defendant's contention, he did not receive merely a 60 month suspended sentence on this conviction; he also received 83 days confinement, with jail credit for time served. Pursuant to U.S.S.G. 4A1.1(b), two criminal history points are assessed for "each prior sentence of imprisonment of at least sixty days."  "Sentence of Imprisonment" is defined in U.S.S.G. 4A1.2(b)(2).  Under this Guideline, "If part of a sentence of imprisonment was suspended, "sentence of imprisonment" refers only to the portion that was not suspended."  As 83 days of confinement was actually imposed and served by the Defendant for the 2003 conviction, he was properly assessed two criminal history points for the conviction under U.S.S.G. 4A1.1(b).

The PSIR also assessed a 16-level offense level enhancement, pursuant to U.S.S.G. 2L1.2(b)(1)(A)(ii), based upon the Defendant having been previously deported after conviction for a crime of violence. (PSIR ¶ 18.)  "Crime of violence" is defined to included aggravated assault, one of the offenses that formed the basis for Defendant's 2003 conviction.  See U.S.S.G. Application Note 1(B)(iii).   Accordingly, the 16-level enhancement was proper.

-3-

Defendant's claim regarding counsel's failure to object to the criminal history points and enhancement assessed based upon the 2003 conviction is, therefore, without merit.

### Ground Two

Defendant next asserts that his counsel was ineffective because he "failed in investigating the 2003 prior conviction under allegations of a conviction obtained in violation of [Defendant's] Due Process of Law." Defendant goes on to allege that he was innocent of the 2003 charges, that there was prosecutorial misconduct, and that he received ineffective assistance from his state court counsel. Denial of the right to counsel is the only ground upon which a prior conviction used to enhance a federal sentence may be collaterally attacked. United States v. Woodard, 694 F.3d 950, 954 (8th Cir. 2012) (citing Custis v. United States, 511 U.S. 485, 487 (1994)). As Defendant was represented by counsel on his state court charges, his claims regarding the validity of his 2003 conviction are not cognizable in this § 2255 proceeding.

### Ground Three

Defendant argues that the $3,000 fine assessed against him was excessive, and that the Court did not consider his financial condition before setting the amount of the fine. Defendant cannot challenge the fine portion of his sentence in a § 2255 proceeding, as this statute affords relief only to prisoners

claiming a right to be released from custody. See United States v. Chacon-Vega, 262 Fed. Appx. 730, 731 (8th Cir. 2008); United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003) cert. denied 541 U.S. 1000 (2004).

## CONCLUSION

Based upon the foregoing analysis, the undersigned recommends that Defendant's § 2255 motion (Doc. 75) be DENIED and DISMISSED WITH PREJUDICE.

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(b) & (c)(2).  A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).  Based upon the above analysis of Defendant's § 2255 motion, the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends, that a certificate of appealability be denied.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections**

AO72A
(Rev. 8/82)

**may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of May, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**